IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| RUSSELL GLEN LENZ, | |
| Petitioner, | No. C12-4021-MWB |
| vs. | |
| STATE OF IOWA,[1] | **ORDER** |
| Respondent. | |

This matter is before the court following transfer from the United States District Court for the Southern District of Iowa. Such transfer occurred on March 5, 2012. The clerk's office filed the action in this district on March 6, 2012. Prior to the case being transferred or on January 12, 2012, the petitioner submitted an application for a writ of habeas corpus (docket no. 1). Additionally, as directed by the United States District Court for the Southern District of Iowa, the petitioner filed an amended application for a writ of habeas corpus on February 21, 2012. The petitioner paid the required $5.00 filing fee. *See* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee for civil actions, except that on application for a writ of habeas corpus the filing fee is $5.00).

A petitioner, before obtaining federal habeas corpus review of his or her state confinement, must first "exhaust" his or her federal claims in the appropriate state forum.

---

[1] The petitioner brings this action against the State of Iowa, but the proper respondent in a federal habeas corpus action is "the person having custody of the person detained." 28 U.S.C. § 2243; *see also* 28 U.S.C. § 2242 (stating application shall allege the name of the person who has custody over him); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Thus, the petitioner improperly named the State of Iowa as the respondent.

*See* 28 U.S.C. § 2254(b)(1)(A). In his amended application for a writ of habeas corpus, the petitioner does not explicitly address whether he ever pursued a timely direct appeal, and he states that he is still pursuing post-conviction relief in the Iowa District Court for Crawford County. Additionally, a review of *Lenz v. State*, Case No. PCCV036812 (Crawford Cnty. Dist. Ct. 201_), *Lenz v. Hicks*, Case No. CVCV036853 (Crawford Cnty. Dist. Ct. March 2, 2012), *Lenz v. Timmins*, Case No. EQCV036814 (Crawford Cnty. Dist. Ct. Feb. 15, 2012), *Lenz v. Hoffmeyer*, Case No. LACV036837 (Crawford Cnty. Dist. Ct. Feb. 15, 2012), and *State v. Lenz*, Case No. FECR063244 (Crawford Cnty. Dist. Ct. Nov. 23, 2009), indicates that the petitioner never filed a timely direct appeal after judgment entered against him and he sought post-conviction relief no earlier than December 19, 2011.[2] Because the Iowa Supreme Court has never had an opportunity to review his claim that the Iowa District Court for Crawford County did not properly arraign him and because he is still pursuing post-conviction relief, it is appropriate to dismiss the petitioner's action for failing to comply with 28 U.S.C. § 2254(b)(1)(A).[3] Moreover, under 28 U.S.C. § 2244(d)(1)(A), the petitioner had one year from the date on which his judgment became final to file his application for a writ of habeas corpus, but he waited until January 12, 2012 to seek habeas corpus relief, which is well beyond the one year

---

[2] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

[3] The court notes that the petitioner's claim appears to be frivolous, especially considering that the petitioner submitted several documents that show he signed a written arraignment and waived his right to a preliminary hearing.

period.[4] Therefore, the petitioner's habeas corpus action is barred by the applicable statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A).

In sum, because the petitioner did not comply with the exhaustion requirements of 28 U.S.C. § 2254(b)(1)(A) or file before the applicable statute of limitation ran, it is appropriate to dismiss the petitioner's action. To the extent he desires a certificate of appealability under 28 U.S.C. § 2253, the court concludes there are no appealable issues.

**IT IS THEREFORE ORDERED:**

The petitioner's application for a writ of habeas corpus (docket no. 1) is dismissed, and a certificate of appealability is denied.

**DATED** this 17th day of April, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

[4] Iowa law allows a defendant three years in which to apply for post-conviction relief. *See* Iowa Code § 822.3. Nonetheless, the one-year statute of limitation contained in 28 U.S.C. § 2244 bars a petitioner from filing a federal application for a writ of habeas corpus under 28 U.S.C. § 2254 if one year or more of the three-year period for filing a state application for post-conviction relief under Iowa Code section 822 lapses. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001); *see also Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-55 (8th Cir. 2003) (applying *Painter*).